# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EDDIE COOK,

   Movant,

v.

UNITED STATES OF AMERICA,

   Respondent.

CRIMINAL ACTION FILE

No. 1:19-CR-0335-SCJ

CIVIL ACTION FILE

No. 1:24-CV-3240-SCJ

## ORDER

This matter is before the Court for consideration of the Order and Final Report and Recommendation (R&R), Doc. No. [45], in which the Magistrate Judge recommends that Movant Eddie Cook's 28 U.S.C. § 2255 motion to vacate, Doc. No. [38], be denied and that Movant be denied a certificate of appealability. Movant has filed his objections to the R&R. Doc. No. [47].

## I. Background

The Magistrate Judge provided a comprehensive procedural history of Movant's criminal proceedings, Doc. No. [45] at 1-3, which need not be repeated in its entirety here. Briefly, on September 4, 2019, this Court accepted Movant's guilty plea to possessing a firearm as a convicted felon. Doc. No. [3-1]. He received an enhanced,

mandatory minimum sentence of 180 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e).  In response to his Anders-briefed[1] appeal, the Eleventh Circuit affirmed Movant's conviction and sentence.  Dkt. No. [35].

In his § 2255 motion, Movant contends (1) that his sentence should be vacated under Erlinger v. United States, 602 U.S. 821 (2024) (holding that a jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions for ACCA purposes), and (2) that he is actually innocent under N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 24 (2022) (holding that in order to survive scrutiny, a legislative limitation on the right to keep and bear arms must be "consistent with the Nation's historical tradition of firearm regulation").  The Magistrate Judge determined that these claims were waived under the collateral waiver provision in Movant's plea agreement, the claims are procedurally defaulted because he could have, but did not, raise them in his appeal, and his claims also fail on their merits.

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the

---

[1] See Anders v. California, 386 U.S. 738, 744 (1967).

Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

In his objections, Movant first argues that his collateral attack waiver should not apply to his claims because the case law he relies on to support them did not exist at the time of his guilty plea, and he thus could not have entered a voluntary waiver to the rights so recently recognized in those cases. However, the Magistrate Judge squarely addressed that argument, pointing out that the Eleventh Circuit has held that appeal and collateral attack waivers apply even in the face of applicable, newly-developed legal standards. See King v. United States, 41 F.4th 1363, 1367 (11th Cir. 2022) ("[E]ven when a new constitutional rule might provide a strong basis for collateral attack, we enforce an appeal waiver according to its terms."). As Movant's argument is foreclosed by controlling authority, his objection is unavailing.

Movant next argues that he can overcome the procedural default of his claims because he has shown that he is actually innocent under Bruen and his sentence is

3

excessive, and thus represents a miscarriage of justice, under Erlinger. A movant's procedural default of a claim is excused if he can show that he is actually innocent of the crime of conviction. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). However, "'actual innocence' means factual innocence, not mere legal insufficiency," Bousley v. United States, 523 U.S. 614, 623 (1998), where the Movant must demonstrate that, in light of new evidence, it is more likely than not that no reasonable juror would have voted to find him guilty beyond a reasonable doubt, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Movant's contentions that recent Supreme Court precedent has added procedural steps for the Government to obtain a conviction (Bruen) or an enhanced sentence under the ACCA (Erlinger) merely assert claims of *legal* insufficiency and cannot qualify under the miscarriage of justice gateway.

Finally, Movant claims in entirely conclusory fashion that the Magistrate Judge erred in determining that his claims fail on their merits. However, this Court has reviewed the Magistrate Judge's discussion to that effect and concludes that the Magistrate Judge is correct.

**IV. Conclusion**

For the reasons stated, Movant's objections, Doc. No. [47] are **OVERRULED**, the R&R, Doc. No. [45], is **ADOPTED** as the order of the Court, and the pending

4

28 U.S.C. § 2255 motion to vacate, Doc. No. [38] is **DENIED** on the bases identified in

the R&R. The Clerk is **DIRECTED** to close Civil Action No. 1:24-CV-3240-SCJ.

The Court further agrees with the Magistrate Judge that Movant has not met the

standard of 28 U.S.C. § 2253(c)(2), and a Certificate of Appealability is **DENIED**.

IT IS SO ORDERED this ___5th___ day of June, 2025.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

5